## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZOILA CARCAMO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| WALMART INC.; AND | * | MAGISTRATE |
| NATIONAL UNION FIRE INSURANCE | * | |
| COMPANY OF PITTSBURGH, PA | * | JURY TRIAL |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Walmart Inc., and National Union Fire Insurance Company of Pittsburgh, PA (collectively, "Walmart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed her Petition for Damages on September 6, 2022, against Walmart. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on September 29, 2022. (*See* CT Corporation Service of Process Transmittal Notices and Citations attached and marked for identification as Exhibit "B").

3. National Union Fire Insurance Company of Pittsburgh, PA was served through its agent for service of process on September 29, 2022. (*See* Service of Process Transmittal Notices and Citations attached and marked for identification as Exhibit "C").

4. The suit seeks damages from Walmart for personal injuries and damages allegedly

sustained by Plaintiff as a result of an incident that occurred at Walmart Store No. 1163, located in New Orleans, Louisiana, on or about October 1, 2021.

5. In Plaintiff's Petition for Damages, she alleges that as a result of the incident, she sustained the following damages: pain and suffering, mental anguish, emotional distress, medical expenses, loss of enjoyment of life, and permanent disability.

6. Plaintiff's Petition for Damages is silent as to the amount in controversy.

7. Pre-suit, Plaintiff's counsel submitted to Walmart, through its claims administrator Walmart Claims Services, Inc., a settlement demand for $215,828.24, which included $24,828.24 in confirmed medical specials.

8. Plaintiff's counsel also produced some of Plaintiff's medical records and bills with his pre-suit demand. The medical records indicate that following the Plaintiff's incident at Walmart, she was diagnosed with a herniated disc in the cervical spine, three herniated discs in the lumbar spine, a bulging disc in the lumbar spine, cervical canal stenosis, cervical radiculopathy, cervical facet syndrome, lumbar radiculopathy, and lumbar facet syndrome.

9. Plaintiff treated for at least ten (10) months for these ailments with a pain management doctor and physical therapist. Particularly, for Plaintiff's cervical complaints, she underwent a cervical epidural steroid injection ("ESI"). She also underwent diagnostic medial branch blocks to the cervical spine, which were positive. Accordingly, based on the results of the diagnostic branch blocks to the cervical spine, Plaintiff's pain management doctor has recommended that Plaintiff undergo cervical RFAs at multiple levels in the cervical spine.

10. For Plaintiff's lumbar complaints, she underwent a lumbar ESI. Plaintiff's pain management doctor also recommended that Plaintiff undergo diagnostic lumbar medial branch blocks and, pending the results, undergo a lumbar RFA.

11. The pre-suit medical bills submitted by Plaintiff's counsel to Walmart total $24,828.24 in past medical specials.

12. Walmart's removal is based on (1) the $215,828.24 settlement demand; (2) the conditions in Plaintiff's cervical and lumbar spine; (2) the approximate ten months of treatment, including the past interventional pain procedures of ESIs and diagnostic medial branch blocks; (3) the recommended future interventional pain procedures for a cervical RFA, diagnostic lumbar medial branch blocks, and if appropriate, a lumbar RFA; and (4) the past total known medical specials of $24,828.24.

13. Based on the Plaintiff's pre-suit settlement demand, the Plaintiff's medical records, and bills, Walmart contends that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore files this removal.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

14. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

          A.        **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

15. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) by setting forth *the facts* in controversy-preferably in the removal petition." *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis

in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

16. Plaintiff's pre-suit $215,828.24 settlement demand; the medical records showing Plaintiff's injuries, the past interventional pain procedures that Plaintiff has undergone, and the future interventional pain procedures that Plaintiff has been recommended to undergo; and the past medical bills of $24,828.24 clearly establish that the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

17. Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

18. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

**B.    COMPLETE DIVERSITY**

19. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

20. Defendant, National Union Fire Insurance Company of Pittsburgh, PA, is a direct, wholly-owned (100%) subsidiary of AIG Property Casualty U.S., Inc., which is a wholly-owned (100%) subsidiary of AIG Property Casualty Inc., which is a wholly-owned (100%) subsidiary of American International Group, Inc., which is a publicly-held corporation.  National Union Fire Insurance Company of Pittsburgh, PA is incorporated in Pennsylvania, with its primary place of business in New York, New York.

21. Plaintiff is a resident of and domiciled in Orleans Parish, State of Louisiana.

22. Accordingly, there is complete diversity of citizenship between the Plaintiff and the defendants.

23. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by medical records and bills and pre-suit demand, exceeds SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

24. Walmart served with the Citation and Petition through its agent for service of process, CT Corporation Systems, on September 29, 2022.

25. Plaintiff's Petition for Damages is silent as to the value of Plaintiff's damages and/or the amount in controversy; however, Plaintiff's medical records and bills and pre-suit demand place the amount in controversy in excess of $75,000.00 exclusive of interest and costs.

26. This Notice of Removal is being filed within thirty (30) days after service on the earliest-served defendant, Walmart Inc., and is, therefore, timely under 28 U.S.C. § 1446(b).

27. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

28. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing

the place where such action is pending."

29. No previous application has been made by Walmart in this case for the relief requested herein.

30. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana.

31. Defendants, Walmart Inc. and National Union Fire Insurance Company of Pittsburgh, PA, desire and are entitled to a **trial by jury** of all issues herein.

WHEREFORE, Defendants, Walmart Inc. and National Union Fire Insurance Company of Pittsburgh, PA, hereby remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Denman T. Mims*
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**DENMAN T. MIMS (#38840)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras St., Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail:  cjl@mcsalaw.com
          dtm@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 21st day of October, 2022.

            /s/ *Denman T. Mims*
            DENMAN T. MIMS